United States District Court
Southern District of Texas
**ENTERED**
July 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JIMMY LEE CASTILLO, §
§
Plaintiff, §
§
VS. § CIVIL ACTION NO. 7:23-CV-129
§
J.E. EDDIE GUERRA, *et al.*, §
§
Defendants. §

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Lee Castillo, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) In his complaint, Plaintiff alleges that in 2020 he sustained injuries after he was "brutally attacked and assaulted by Hidalgo County officials in Echo Sector of [the] jail for no explained reason." (*Id.* at 4.) In lieu of paying the filing fee when he filed this action, Plaintiff filed an "Application to Proceed Without Prepayment of Fees" as well as a copy of his inmate trust fund account. (*See* Docket Nos. 2, 3.) However, Plaintiff's filings were inconsistent, and thus, called into question his ability to proceed in forma pauperis. (*See id.*) Plaintiff was alerted to his deficiencies. (Docket No. 5.) However, he failed to adequately respond to the Court, correct his deficiencies, or pay the filing fee. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

In 2023, Plaintiff filed this civil rights action asserting—primarily—that several years prior he was "brutally attacked and assaulted by Hidalgo County officials in Echo Sector of [the] jail for no explained reason." (Docket No. 1, at 4.) As part of the assault, he alleges that officers at the jail "ma[c]ed and beat" him, which in addition to medical neglect at the facility, resulted in

permanent blindness to his left eye.   (*Id.* at 4-5.)   Plaintiff asserts that the physical and psychological trauma has resulted in "anxiety, depression, paranoia, dementia, mental illness and permanent blind[ness]." (*Id.* at 5.) As damages, he seeks two million dollars. (*Id.*)

As noted, Plaintiff has attempted to proceed with this action with IFP status. (Docket Nos. 2, 3.) However, his application (Docket No. 2) was inconsistent with his trust fund account statement (Docket No. 3). Notably, in his application he asserted that he has no cash, property, or assets, and that in the past twelve (12) months he has not received any money from any sources. (Docket No. 2, at 1-2.) To the contrary, his account statement shows that between February 2023 and April 2023 he received $312 from a single source ("Keefe"). (Docket No. 3, at 1.)

The undersigned alerted Plaintiff to the inconsistency; and more importantly, ordered him to "address[ ] the veracity of the statements he made in his 'Application to Proceed Without Prepayment of Fees.'" (Docket No. 5, at 1-2.) Specifically, he was ordered to respond "within 30 days." (*Id.* at 2 (emphasis in original).) He was further "warned that failure to comply with this Order may result in the dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice." (*Id.* at 3.) Plaintiff failed to file a responsive pleading addressing the Court's concerns.

To be sure, since the Court's last order (Docket No. 5), Plaintiff has filed numerous pleadings in this case. (*See* Docket Nos. 6-11.) However, they do not address Plaintiff's IFP status, nor do they explain the inconsistencies in his previous filings. In fact, to date, Plaintiff has failed to: 1) file an IFP application which shows that he is indigent; 2) pay the filing fee; or 3) respond to the Court's order.

## II. ANALYSIS

2

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

As was previously explained to Plaintiff, if the court finds at any time that "the allegation of poverty is untrue," the IFP statute provides that it must dismiss the case, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." *Bucklew v. St. Clair*, No. 3:18-CV-2117, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (quoting 28 U.S.C. § 1915(e)(2)(A)), report and recommendation adopted, No. 3:18-CV-2117-N (BH), 2019 WL 2249718 (N.D. Tex. May 24, 2019)); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (noting that district courts retain authority and discretion to conduct reasonable investigations into allegations of poverty even after the filing fee has been paid). Dismissal is mandatory if the court determines that "the contents of an IFP application are false." *Bucklew*, 2019 WL 2250886, at *2 (quoting *Nottingham*, 837 F.3d at 441); *see also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (affirming dismissal under § 1915(e)(2)(A) when the unrebutted evidence demonstrated that the plaintiff's IFP affidavits contained false information). In the Fifth Circuit, dismissal under the IFP statute is predicated on the submission of false allegations in the affidavit rather than the litigant's actual financial status. *Bucklew*, 2019 WL 2250886, at *2 (citing *Lay v. Justices-Middle District Court*, 811 F.2d 285 (5th Cir. 1987)).

3

Here, Plaintiff has failed to comply with the relevant rules and to prosecute this action. To begin with, based on Plaintiff's filings, the undersigned finds that "the contents of [his] IFP application are false." *Bucklew*, 2019 WL 2250886, at \*2 (quoting *Nottingham*, 837 F.3d at 441); *see also Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (affirming dismissal under § 1915(e)(2)(A) when the unrebutted evidence demonstrated that the plaintiff's IFP affidavits contained false information). Because Plaintiff's "allegation of poverty is untrue," the IFP statute provides that it must dismiss the case, which the undersigned now recommends. *Bucklew*, 2019 WL 2250886, at \*2 (quoting 28 U.S.C. § 1915(e)(2)(A)).

In addition, Plaintiff's application to proceed IFP was deficient. To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly."). Here, Plaintiff failed to provide enough information to the Court to show that he is financially "unable to pay [the filing] fees." *See* 28 U.S.C. § 1915(a).

Finally, Plaintiff has failed to correct his deficiencies and has missed the court-ordered deadline to do so. Put simply, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted

4

egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders).  It appears that no lesser sanction is available based on Plaintiff's deficiencies in this action.[1]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 be DISMISSED.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 17th of July, 2024 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge

---

[1] Should Plaintiff respond to the Court's previous order (Docket No. 5) by correcting his deficiencies, the Court may then wish to consider whether less drastic sanctions may be appropriate.